## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Raymond A. Parson, Jr.,

                Plaintiff,

v.

Sharyn L. Barney,

                Defendant.

Case No. 12-cv-0646 (DWF/DJF)

**REPORT AND
RECOMMENDATION**

---

       This matter is before the Court on Defendant Sharyn L. Barney's Motion to Dismiss Third Amended Complaint ("Motion") (ECF No. 42).  For the reasons set forth below, the Court recommends the Motion be granted and this matter be dismissed.

## BACKGROUND

### I.    Case History

       This matter's lengthy history is detailed in the Court's August 24, 2023, Report and Recommendation (ECF No. 35) and will not be repeated here.  As relevant to the pending Motion, Mr. Parson commenced this action in March 2012 ("Complaint") (ECF No. [1]).  The Court stayed the matter just days later, pending resolution of the then-ongoing related class action, *Karsjens v. Minnesota Department of Human Services*, No. 11-CV-3659 (DWF/TNL) (D. Minn.) ("*Karsjens*").  (*See* ECF No. 7 at 12-14.)  After extending the stay multiple times, and upon entry of final judgment in *Karsjens*, the Court entered an order lifting the stay on October 3, 2022— more than 10 years after this action commenced.  (ECF No. 19.)  None of the stays tolled any applicable statute of limitations.  (*See e.g.,* ECF Nos. 7-10, 12.)

Mr. Parson's original Complaint was 146-pages long, named dozens of defendants, including a defendant identified as "Hennepin County Social Services Jane Doe", and asserted 32 causes of action, but did not name Defendant Barney. (ECF No. 1.) The Complaint presented wide-ranging attacks on procedures and policies at the Minnesota Sex Offender Program ("MSOP"), where Mr. Parson has been civilly committed since 2007. (*See id.* at 42, 118–41[1]); *see also In re Civ. Commitment of Parson*, No. A08-1731, 2009 WL 818925, at *1 (Minn. Ct. App. Mar. 31, 2009) (affirming state-court decision ordering Mr. Parson's commitment). As relevant here, the Complaint vaguely referred to alleged deliberate indifference to serious medical needs at the MSOP, and asserted a deliberate indifference claim under the Fourteenth Amendment. (ECF No. 1 ¶¶ 12, 44, 165, 210, 289-291.) On October 7, 2022, the Court ordered Mr. Parson to file an amended complaint, in part because the original Complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure. (*See* ECF No. 20 at 2-3.)

Mr. Parson filed a short amended complaint in November 2022, naming Defendant Barney for the first time. (*See* ECF No. 21.) Later that month, the Court noted that this pleading had problems as well: It did not clearly identify which defendants Mr. Parson intended to sue and failed to state a claim. (*See* ECF No. 23 at 1–4.) The Court then ordered Mr. Parson to submit a second amended complaint and referred him to the Federal Bar Association ("FBA") for potential assistance from a volunteer lawyer. (*See id.* at 4.)

Mr. Parson filed a second amended complaint on April 14, 2023 (ECF No. 29). On July 10, 2023, he filed a third amended complaint ("3AC") (ECF No. 31). He simultaneously filed a letter stating he had received help from a law firm based on the FBA referral and suggesting the

---

[1] For ease of reference, the Court cites to materials filed in this action using the page numbers generated by the Court's CM/ECF filing system.

3AC reflected that assistance.  (*See* ECF No. 32 at 1.)  The Court entered an order accepting that filing and establishing the 3AC as the operative pleading in this matter.  (ECF No. 33.)

The 3AC initially named four defendants and included five separate claims.  (*See generally,* ECF No. 31.)  Following preservice review under 28 U.S.C. 1915(e)(2), the Court dismissed all of Mr. Parsons's claims but one: a single claim against Defendant Barney in her individual capacity under 42 U.S.C. § 1983, arising under the Eighth Amendment for allegedly improper medical care.  (ECF Nos. 35, 39.)  Defendant Barney now moves to dismiss the remaining claim under Fed. R. Civ. P. 12(b)(6).  (ECF No. 42.)

## II.    Relevant Allegations

Mr. Parson alleges that in 2012–13, during his confinement at the MSOP, he "was asked to participate in a health service assessment to evaluate his medical condition." (ECF No. 31 ¶ 14.) He states that he had a "severe heat rash," as well as "swelling around his neck, arms, hands, and eyes"; "bleeding from his neck and arms"; and an eye infection.  (*Id.* ¶ 15.)  Mr. Parson claims he reported his conditions to various individuals and asked "health service's staff to prescribe the medication needed for treatment."  (*Id.* ¶ 16.)  He says he was told Defendant Barney would need to "approve the treatment," even though "medications were already specified in [Mr. Parson's] medical record."  (*Id.* ¶ 17.)

After waiting two days, Mr. Parson met with Defendant Barney.  (*Id.*)  According to Mr. Parson, Defendant Barney "refused to prescribe the necessary medicines or provide any other type of medical care to treat [Mr. Parson's] condition," and furthermore, "provided no explanation as to why [Mr. Parson] was denied medical care."  (*Id.* ¶ 18.)  Mr. Parson's medical condition allegedly worsened, and he "continued going to health services every other day to ask for help." (*Id.* ¶¶ 23-23.)  Each time, Defendant Barney "was present … and continued to refuse to provide

medical attention." (*Id.* ¶ 23.) Mr. Parson alleges Defendant Barney even "mocked" him and threatened to issue disciplinary reports against him and call security if he "did not leave health services." (*Id.*)

Mr. Parson alleges he reported Defendant Barney's conduct to MSOP staff, but that he continued to suffer in pain, without medical care, for months. (*Id.* ¶ 28.) Mr. Parson asserts that because he did not get proper care, he was temporarily blinded in his left eye, suffered "[m]ental and emotional trauma," and sustained "[p]hysical marks and scars all over his body and constant headaches." (*Id.*)

Mr. Parson alleges Dr. Barney's actions constitute improper medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (ECF No. 31 at 6.) He seeks damages and attorney's fees against Defendant Barney. (*Id.* at 17.) He also seeks "other legal, injunctive, or equitable relief as the Court deems just and fair." (*Id.*)

Defendant Barney asks the Court to dismiss the remainder of this action on grounds that: (1) Mr. Parson's claim is barred by the statute of limitations; (2) the Eighth Amendment is inapplicable to the civil commitment context; and (3) even if the Court construes the claim as arising under the Fourteenth Amendment, Mr. Parson fails to state a claim upon which relief may be granted. (ECF No. 43 at 5-17.) Defendant Barney further argues she is entitled to qualified immunity, Mr. Parson's request for injunctive relief fails as a matter of law, and he is not entitled to punitive damages. (*Id.* at 17-20.)

## ANALYSIS

### I.    Legal Standards

#### A.    Rule 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those

facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

A complaint's factual allegations need not be detailed, but they must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A court's consideration of whether a pleading states a claim is "context-specific" and the court must "draw on its judicial experience and common sense." *Id.* at 679; *see also, e.g.*, *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (quoting *Magee v. Trs. of Hamline Univ.*, 747 F.3d 532, 535 (8th Cir. 2014) (cleaned up)). Although pro se complaints must be construed liberally, such complaints still must allege sufficient facts to state a claim as a matter of law. *See, e.g.*, *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Finally, "[a] defendant may raise a statute-of-limitations defense on a motion to dismiss, and the motion should be granted when it appears from the face of the complaint itself

that the limitation period has run." *Sacks v. Univ. of Minnesota,* 600 F. Supp. 3d 915, 938 (D. Minn. 2022) (citations and quotation marks omitted).

B.    **Timeliness**

"The state statute of limitations and tolling rules generally govern [section] 1983 suits in federal court." *Lown v. Brimeyer*, 956 F.2d 780, 781 n.2 (8th Cir. 1992) (citation omitted); *see also Rassier v. Sanner,* 996 F.3d 832, 836 (8th Cir. 2021) (noting that section 1983 does not contain a statute of limitations and instead applying the state statute of limitations) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Under Minnesota law, the statute of limitations on claims under 42 U.S.C. 1983 is six years. *See Rassier,* 996 F.3d at 836 (citing Minn. Stat. § 541.05; *United States v. Bailey*, 700 F.3d 1149, 1153 (8th Cir. 2012)).

Precisely when a section 1983 claim accrues is a question of *federal* law, however. *Id.* (citing *Wallace*, 549 U.S. 384 at 388). "[A]ccrual occurs when 'the plaintiff can file suit and obtain relief.'" *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of California*, 522 U.S. 192, 201 (1997)). Each time a defendant allegedly refused to provide medical treatment may be regarded as causing the statute of limitations period to start anew. *See Montin v. Est. of Johnson*, 636 F.3d 409, 415–16 (8th Cir. 2011) (addressing a plaintiff's continuing violation theory).

Equitable tolling applies "only when some factor completely outside of the claimant's control prevents him from meeting a statutory deadline." *Sanchez v. State*, 816 N.W.2d 550, 561 (Minn. 2012). "Tolling 'is an exception to the rule, and should therefore be used only in exceptional circumstances.'" *Rassier,* 996 F.3d 832 at 836 (quoting *Anderson v. H-Window Co.*, 1999 WL 88953, at *4 (Minn. Ct. App. 1999)). The Minnesota Supreme Court has explained that this "limited application of tolling … is not dissimilar to the federal court's application of tolling

in the context of the habeas corpus statute." *Sanchez*, 816 N.W.2d at 561 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) (tolling the statute of limitations when a petitioner: (1) had been "pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing." (internal quotations and citation omitted))).

In some cases, an amended pleading may relate back to the date of the original pleading, but only when the amendment asserts a claim or defense that arises out of the same conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). If that rule is satisfied, an amendment that "changes the party or naming of a party" relates back to the date of the original pleading only if the party added: (1) received such notice of the action that it will not be prejudiced in defending on the merits; and (2) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C). Relation back is also allowed if "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). The applicable statute in this case does not . *See* Minn. Stat. § 541.05, subd. 1. F

## II.   Analysis

The Court need only address Defendant Barney's untimeliness argument and recommends her Motion be granted on that ground. Liberally construing the 3AC, Mr. Parson alleges Defendant Barney refused to provide him with certain medical treatment, at the very latest, in 2014. (*See* ECF No. 31 ¶¶ 11-28, alleging: (1) he presented with a severe heat rash "[i]n 2012-2013" during a "health service assessment"; (2) he "waited two days to meet with Defendant Dr. Barney"; (3) his rash thereafter worsened and he had "very few hours of consistent sleep over a three week period"; (4) he continued going to health services every other day, and each time Defendant Barney "refused to provide medical attention"; and (5) he "did not receive any type of medical care for

months".)  Generously assuming Mr. Parson first presented with his symptoms towards the end of 2013, if Defendant Barney continued to refuse care for "months" (not years) after that date, then the end of 2014 represents the latest date when his claim could have accrued.  The statute of limitations therefore has to have run by December 31, 2020.  *See* Minn. Stat. § 541.05; *see also Rassier,* 996 F.3d at 836 (applying six-year statute of limitations to claims under 42 U.S.C. 1983).  But Mr. Parson did not name Defendant Barney as a defendant in this matter until he filed his amended complaint on November 22, 2022 (ECF No. 21)—nearly two years after the statute of limitations on his claim had expired.  Moreover, the 3AC fails to allege any fact to plausibly support a finding that any tolling provision applies.  (*See generally*, ECF No. 31.)

Mr. Parson appears to suggest that equitable tolling applies because the Court stayed this matter pending resolution in *Karsjens* and did not lift the stay until after the statute of limitations on his claim had run.  (ECF No. 52 at 1-2.)  But at any point during the stay Mr. Parson could have filed a new action against Defendant Barney to the extent he wanted to pursue a claim against her.  The claim against Defendant Barney in Mr. Parson's 3AC is vastly different from anything he asserted in his original Complaint—to which Defendant Barney was not even a named party.  (*Compare* ECF No. 1 *with* ECF No. 31.)

This is not a case in which Mr. Parson simply added Defendant Barney as a defendant to a claim he had previously alleged; rather—as discussed more in depth below—the factual basis underlying his claim differs entirely from anything he asserted in his original Complaint.  *See Ivey v. MSOP*, Civ. No. 12-30 (DWF/TNL), 2019 WL 2710698, at *3 (D. Minn. June, 28, 2019) (discussing without deciding whether tolling may be appropriate for MSOP client whose case was stayed pending final resolution in *Karsjens*, but whose initial complaint was factually similar to his amended complaint).  The 3AC does not reflect, and Mr. Parson does not argue, that any

extraordinary circumstance actually prevented him from diligently pursuing any claim against Defendant Barney to meet the statutory deadline. *Sanchez*, 816 N.W.2d at 561.

Relation back also does not apply because Mr. Parson does not satisfy Rule 15(c)(1)(B) or (C). In his original Complaint, Mr. Parson vaguely referred to alleged deliberate indifference to his medical needs and asserted a claim under the Fourteenth Amendment (ECF No. 1 ¶¶ 12, 44, 165, 210, 289-291), but the factual basis for his claims was entirely different than the allegations he now asserts in the 3AC. Mr. Parson's claim against Defendant Barney in the 3AC involves an alleged "heat rash"; "swelling" around his neck, arms, hands, and eyes; and "bleeding" from his neck and arms; and an eye infection. (ECF No. 31. ¶¶ 11–28.) But these terms do not appear anywhere in Mr. Parson's original 146-page Complaint (*see* ECF No. 1), and its only reference to a medical doctor appears in a claim that challenges a general MSOP policy (*id.* ¶ 166; *see also, e.g., id.* at ¶¶ 68, 78, 164, alleging failure to provide adequate mental health care; *id.* at 165, alleging inadequate medical care generally without identifying any medical condition or alleged inadequate treatment). The Court thus cannot conclude that relation back is appropriate because it is not apparent that Mr. Parson's 3AC arises out of the same conduct, transaction, or occurrence he alleged, or even attempted to allege, in his original Complaint. Fed. R. Civ. P. 15(c)(1)(B); *see also Folstrom v. Cnty. of Cass*, Civ. No. 07-3404 (RHK/RLE), 2007 WL 9735934, at *7–8 (D. Minn. Nov. 13, 2007) ("A consistent theme, which runs through the cases allowing the relation back of amendments, is that the factual basis be essentially the same.") (string citation omitted).

Mr. Parson further fails to satisfy Rule 15(c)(1)(C), because nothing in the original Complaint could have reasonably put Defendant Barney on notice of the Eighth Amendment claim asserted in his 3AC. *See, e.g., Ikeri v. Sallie Mae, Inc.*, Civ. No. 13-1943 (DSD/JSM), 2014 WL 4071953, at *4 (D. Minn. Aug. 18, 2014) (rejecting request for relation back when, in part, "the

original complaint did nothing to place [the new party] on notice of the subsequent claims of the amended complaint, as the new claim [was] different in underlying facts and legal theory than the original claims"), *aff'd sub nom.*, *Onuoha v. Int'l Univ. of Nursing*, LLC, 610 F. App'x 585 (8th Cir. 2015). Mr. Parson's use of the "Doe" pleading device did not put Defendant Barney on notice, because Mr. Parson described Jane Doe as a social services supervisor for Hennepin County—not a doctor at the MSOP (*see* ECF No. 1 at 1), and his lack of knowledge of Defendant Barney's identity does not qualify as "mistake" under the Rule. *Heglund v. Aitkin Cnty.*, 871 F.3d 572, 578–81 (8th Cir. 2017) (finding plaintiff's use of John Doe pleading did not qualify as mistake under Rule 15(c)(1)(C)(ii)). For these reasons, relation back does not save Mr. Parson's claim.

The Court therefore concludes that the statute of limitations on Mr. Parson's claim against Defendant Barney has run, and that neither equitable tolling nor relation back applies. The Court recommends Defendant Barney's Motion be granted and the 3AC be dismissed in its entirety on these grounds.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

(1)    Defendant Sharyn L. Barney's Motion to Dismiss Third Amended Complaint (ECF No. [42]) be **GRANTED**; and

(2)    This matter be **DISMISSED WITH PREJUDICE**.

Dated: March 25, 2024                    *s/ Dulce J. Foster*
                                          DULCE J. FOSTER
                                          United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).